UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

United States of America,

Plaintiff,

v.

William Dennis Dunne,

Defendant.

CASE NO. CR80-145 TL

ORDER ON MOTION FOR
COMPASSIONATE RELEASE

This matter is before the Court on Defendant William Dennis Dunne's Motion for Sentence Reduction Under 18 U.S.C. § 3582 (c)(1(A) (Compassionate Release). Dkt. No. 3. Having reviewed the motion and accompanying memorandum/declaration (Dkt. No. 4), the Government's Response (Dkt. No. 7), and the relevant record,[1] the Court DENIES Mr. Dunne's motion.

---

[1] Mr. Dunne's Reply brief was due February 10, 2026. At the time of writing this Order, no reply has been filed.

ORDER ON MOTION FOR COMPASSIONATE RELEASE – 1

## I.    BACKGROUND

Mr. Dunne is a seventy-two year old man who has served over forty-six years in prison, completing "scores of programs," and is "ready for release." Dkt. No. 3 at 6. Mr. Dunne is serving an 80-year federal sentence imposed by a judge in this district for conspiracy to effect the escape of a of a federal prisoner and three counts of armed robbery in furtherance of the conspiracy. Dkt. No. 4 at 2; Dkt. No. 7 at 1. Mr. Dunne committed these crimes in 1979. *See* Dkt. No. 3-1 at 4. He is also serving a consecutive 15-year sentence imposed by a judge in the Middle District of Pennsylvania for a subsequent attempted escape. *Id.* at 5.

Mr. Dunne seeks a reduction of his sentence pursuant to 18 U.S.C § 3582(c)1)(A)— otherwise known as a motion for compassionate release. The Government opposes the request.

## II.    DISCUSSION

The Court acknowledges Mr. Dunne's concerns with his health (Dkt. No. 4 at 7–13) and commends him for the academic, vocational, and recreational accomplishments he has achieved over the years by actively participating in Bureau of Prisons ("BOP") programs (*id.* at 15–16). However, the Government is correct Mr. Dunne simply is not eligible for compassionate release under the statute.

A district court can modify a prison sentence "only in limited circumstances set out by federal statute." *United States v. King*, 24 F.4th 1226, 1228 (9th Cir. 2022) (citing *Dillon v. United States*, 560 U.S. 817, 824 (2010)). 18 U.S.C. § 3582, as amended by the First Step Act of 2018, ("FSA"), allows certain inmates to seek a form of sentence modification—commonly referred to as compassionate release, by filing a motion requesting such with the district court. *See* 18 U.S.C. § 3582(c)(1); FSA, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (adding "upon motion of the defendant" to the statutory text). The statute allows a district court to reduce a defendant's sentence under § 3582(c)(1)(A) if the defendant establishes

"extraordinary and compelling" reasons for a reduction in sentence and meets other statutory requirements. *United States v. Aruda*, 993 F.3d 797, 799–802 (9th Cir. 2021). But the statute does not allow all prisoners to personally file such motions under the express terms of the statute. *King*, 24 F.4th at 1228.

As the Ninth Circuit explained in *King*:

> From 1976 to 1984, [18 U.S.C.] § 4205(g) defined the procedures through which inmates could gain compassionate release. Under the statute, a prisoner was not allowed to directly request compassionate release by filing a motion in district court. Only the BOP could seek such relief on behalf of the inmate. The SRA[2] repealed § 4205(g) in 1984 and replaced it with § 3582(c)(1), effective on November 1, 1987. *See* SRA § 227; Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217 § 4, 99 Stat. 1728 (1985) (finalizing the effective date of the SRA). An amendment to the SRA established that § 3582(c)(1) only applies to prisoners who offended on or after November 1, 1987, and inmates who committed crimes on or before October 31, 1987, remain subject to 4205(g) and cannot themselves file a motion for compassionate release. *See* SRA § 227; Sentencing Act of 1987, Pub. L. No. 100-182 § 2(a), 101 Stat. 1266 (1987) (inserting "shall apply only to offenses committed after the taking effect of this chapter" into the text of § 3582(c)(1)) . . . As summarized by regulations on compassionate release, "18 U.S.C. 4205(g) was repealed effective November 1, 1987, but remains the controlling law for inmates whose offenses occurred prior to that date [(called 'old law' prisoners)]. For inmates whose offenses occurred on or after November 1, 1987, [('new law' prisoners)], the applicable statute is 18 U.S.C. 3582(c)(1)(A)." 28 C.F.R. § 572.40 (2021).

*Id.* at 1228–29 (citation omitted). The language of the pertinent statutes left this dual-track structure in place for five years. *See* SRA § 235(b)(1)(A) (leaving Chapter 311 of 18 U.S.C., which includes § 4205(g), in place for pre-SRA offenders "for five years after the effective date" of SRA). But Congress has renewed this structure since then, most recently retroactively extending it through 2031: "[a]ny expiration date established by section 235(b) of the Sentencing

---

[2] The Sentencing Reform Act, Pub. L. No. 98-473, 98 Stat. 1837 (1984).

Reform Act of 1984 (18 U.S.C. 3551 . . . as such section relates to . . . the United States Parole Commission, shall not apply during the period beginning on October 1, 2025, and ending on January 30, 2031." Consolidated Appropriations Act, 2026, Pub. L. No. 119-75, § 5011, (2026),[3] *see* H.R. 7148, 119th Cong. § 5011 (2026), available at https://www.govtrack.us/congress/bills/119/hr7148/text/enr#link=I_5011_~T1&nearest=id29336 b680cbc49f9887ecc201f504534 [https://perma.cc/FE2E-RAR3].

As a result, and as the Ninth Circuit has made clear, "prisoners who . . . stand convicted of crimes that predate November 1, 1987, are subject to § 4205(g) and cannot personally move a district court for compassionate release." *King* 24 F.4th at 1229. As Mr. Dunne committed his crimes in 1979, he falls into the group of prisoners subject to the procedure set forth § 4205(g). Under that statute, an incarcerated individual is not allowed to directly request a reduction in sentence through a motion to the district court. Rather, the statute to which Mr. Dunne is subject only allows the BOP to file a motion seeking a reduction in sentence on behalf of the incarcerated person.

Because Mr. Dunne committed his crime before November 1, 1987, his motion for compassionate release is improper under 18 U.S.C. § 3582(c)(1)(A). Further, because Mr. Dunne is not allowed to file his motion directly with the district court under 18 U.S.C. § 4205(g), his motion would also be improper under that statute.

//

//

//

//

---

[3] As of the issuance of this Order, the statute citation has not yet been posted.

ORDER ON MOTION FOR COMPASSIONATE RELEASE – 4

Accordingly, the Court must DENY Mr. Dunne's motion for compassionate release.

Dated this 11th day of February, 2026.

Tana Lin
United States District Judge

ORDER ON MOTION FOR COMPASSIONATE RELEASE – 5